In the Matter of the Claim of DOROTHY SANTACROCE, Respondent, against 40 W. 20th STREET, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits in a heart case. Appellants contest the findings of accident and causal relation. Decedent, an elevator operator, had suffered for many years from rheumatic heart disease, double aortic lesions and bronchial asthma. His attending physician reported death due to acute pulmonary edema, left ventricular failure. In its memorandum decision the board attributed decedent's death to his work activity, more specifically to the effect of an argument between decedent and the building superintendent, finding that "the decedent engaged in an argument with the superintendent because of the car which decedent operated was out of order; that the superintendent called the deceased an inefficient operator; that the argument lasted about five or six minutes; that thereafter the decedent, appearing to be somewhat pale, complained to him (witness) of a pain in chest, was advised to rest, was relieved by this witness for about one half hour and that the deceased returned to his car, sat on a chair and 'operated the car only slightly'." In the formal findings, prepared by the Attorney-General, excessive physical exertion in the operation of the elevator was found but there is no evidence of any substance supportive of this finding. Accordingly, the award must stand or fall on the evidence of emotional stress. The superintendent having died, the only witness to testify to the argument was a coemployee, another elevator operator, who referred to the incident as " a little argument about who — the super told him he didn't know how to run the car, and he said he don't know how to take care of the elevator, so in the argument I took care of the building, went up and down ". The witness said that they were not " calm " but " a little excited " and that he could not describe the " tones " in which they spoke because he was operating another elevator up and down during the period of from 5 to 10 minutes in which the discussion occurred. This witness testified that after the argument decedent looked a little pale and complained of pain in his chest. Decedent then rested for a time but later resumed his work although for the rest of the morning and during the afternoon he did less than usual. He became very ill at home that evening and died shortly after midnight. Decedent told his wife, when she found him ill and in bed, that he had had " a very trying day * * * had had an attack * * * lost a couple of hours work where his partner had taken over for him and had to lay down and rest and had taken a taxicab home because he couldn't work any longer ". There was the usual conflict in the medical proof upon the issue of causal relation, which the board was entitled to resolve as it did, if accident was established. Upon this record, however, we are convinced that in the common-sense viewpoint of the average man, accident would be denied and the argument as described by the only witness would be regarded as neither involving nor inducing emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result. This is not to say that in many cases heated argument might not well be found causative of emotional stress constituting accident but the relatively minor incident reflected by this record does not seem to us so " exceptional " as to meet the test imposed by *Matter of Schechter* v.

*State Ins. Fund* (6 N Y 2d 506, 510), upon which the respondent board relies. Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.