In the Matter of the Claim of LOUIS SAMOLIN, Respondent, *v.* TRANSWORLD AIRLINES, INC., et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, December 27, 1963.

*Katzman & Stelboum* (*Max L. Katzman* of counsel), counsel for Dwyer & Lawler, attorneys for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Jacowitz & Bardack* for claimant-respondent.

*Per Curiam.* This is an appeal from a decision of the Workmen's Compensation Board which determined the claimant sustained an accidental injury and that there was causal relation between it and the coronary thrombosis.

The claimant was employed as an electrician by the employer and was also a shop steward designated by the union. A fellow

employee inquired as to the reason for bringing electricians from Kansas City to Idlewild. Thereafter the claimant went to the foreman to make such inquiry and the following excerpts from the testimony best describe what took place there. The claimant testified as follows with reference to the conversation with the foreman: " It is not that easy to explain an argument. Everything was happening. I was building all this up internally. When you speak to Mr. Pashun, you have to be way ahead of yourself. You have to build up these mental compositions in advance of talking to Mr. Pashun. One word led to another when you talk to him and that is what happens. I got this terrific pulse beating and terrific pressure and these things happen. It happened in a minute, I never in my life felt such sensation. I wanted to get out and get a pill to get rid of the indigestion I thought I had. I went out and came back again and I said, I feel terrible and he took care of me right away — I must say that."

\* \* \*

" Q. How would you characterize it? [argument] A. Always a case of hostility. I mentioned it before, you always have this drive and this drive in most cases lead to an argument, not a discussion, an argument. I have an argument, outwardly and inwardly, most of the times it was inward, one word leading to another, words that sort of emotionally lift you up and make your heart beat. I don't know how to explain it."

The foreman explained the conversation as follows: " It was obvious to me, Lou was concerned and built it up and was disturbed when he walked into the office and this was easily recognizable in the individual. This I am sure I knew this was his state when he walked into the office, but from there on in, it was nothing, there was nothing said belligerent or raised tone of voice and even in the presentation of his case, Lou was disturbed about what he was coming in for, but no argument that could be classified as an argument or angry or boisterous."

Another employee, Joseph Pierzchala, who heard the conversation, testified: " They were discussing the three electricians from Kansas City that were here and Mr. Samolin was concerned on how it would affect the overtime. Mr. Pashun had told Mr. Samolin that this had been cleared through Kansas City local union officials, the president would have that information or the grievance committee, and Mr. Pashun suggested with what information he had, if he cared to substantiate it more, for him to call Mr. Walsh or Mr. Gordon and suggested he could use the phone and Mr. Samolin said he would use the union office and go out. Mr. Pashun said, don't just take my word and check

with someone else. They talked a few minutes, I don't know what the words were at the time and Lou thanked Mr. Pashun and walked out of the office."

There is a failure of proof to justify the finding of an industrial accident. The medical testimony, such as given by Dr. Simon, is no basis for the finding of an industrial accident. It is evident from the testimony quoted, which is a fair resumé, that as reasonable men, the witnesses did not consider there was an event sufficient to be classified as an industrial accident.

*Matter of Church* v. *County of Westchester* (253 App. Div. 859) while somewhat analogous, is not a sufficient precedent to establish the happening of an accident as to this claimant.

The illness sustained by this claimant was part of the everyday wear and strain of his employment.

The board, in its findings, adopted certain words from the testimony, out of context, and primarily related to medical causation.

The facts in the case are governed by *Matter of Santacroce* v. *40 W. 20th St.* (9 A D 2d 985, affd. 10 N Y 2d 855). (See, also, *Matter of Cramer* v. *Barney's Clothing Store,* 15 A D 2d 329, affd. 13 N Y 2d 711.)

The record does not establish a basis for finding a compensable accident.

The decision of the Workmen's Compensation Board should be reversed and the claim dismissed, with costs to appellants.

BERGAN, P. J., GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision of the Workmen's Compensation Board reversed and claim dismissed, with costs to appellants.